UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN CARLOS LANDA-JUAREZ (A-Number: 221-489-801),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | Case No.  2:26-cv-1296-DC-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Jan Carlos Landa-Juarez entered the United States at an unknown time and was detained by ICE in 2026.  Petitioner, now proceeding with counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that his detention violates the Fifth Amendment.  Respondent moves to dismiss the petition on the merits.  I find that petitioner has not exhausted his prudentially required administrative remedies.  Accordingly, I recommend that the petition be dismissed without prejudice and that respondent's motion be denied as moot.

**Background**

Petitioner entered the United States at an unknown time.  ECF No. 7-1 at 2.  There is no allegation or evidence that, prior to his present detention, petitioner has been detained.  Petitioner has no criminal history.  *See id*. at 3.  He also has a pending asylum application.  *See* ECF No. 14-1 at 8; ECF No. 7-3 at 1.

1

On February 10, 2026, petitioner was detained by ICE in Maryland. *Id*. at 2-3. Four days later, petitioner filed a petition for writ of habeas corpus in the District of Maryland. *See Landa-Juarez v. Bondi*, 1:26-cv-0620-DLB (D. Md.). On February 19, 2026, the court found that petitioner's detention is governed by 8 U.S.C. § 1226(a), directed petitioner to "file a motion seeking a bond hearing" under section 1226(a), and ordered that the bond hearing must comply with section 1226(a) and its implementing regulations. *Landa-Juarez v. Bondi*, 1:26-cv-0620-DLB, ECF No. 6 at 2-3 (D. Md.).

On March 19, 2026, petitioner was afforded a bond hearing, at which the immigration judge denied bond based on the finding that petitioner is a flight risk. ECF No. 7-3 at 1. Petitioner reserved the right to appeal, though there is no evidence that petitioner has appealed the immigration judge's order. *See id*. at 2.

**Procedural History**

On April 3, 2026, petitioner, initially proceeding pro se, filed a petition for writ of habeas corpus and a motion for temporary restraining order. ECF Nos. 1 & 2. On April 8, 2026, the court denied petitioner's motion for temporary restraining order. ECF No. 5. The court held that the petition is premised on petitioner's argument that there was insufficient evidence to support the immigration judge's decision, and that such argument must first be raised before the Board of Immigration Appeals. *Id*.

On April 10, 2026, respondent filed a motion to dismiss the petition on the basis that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b).[1] ECF No. 7. On April 20, 2026, petitioner filed an opposition to respondent's motion to dismiss. ECF No. 11. That same day, I appointed counsel, and appointed counsel appeared on April 27, 2026. ECF Nos. 9 & 13. On May 3, 2026, petitioner filed a supplemental opposition to respondent's motion to dismiss.

---

[1] Although I do not reach the merits of the petition and respondent's motion, it bears repeating that a federal court has already found that petitioner's detention is governed under section 1226(a), not section 1225(b). *Landa-Juarez v. Bondi*, 1:26-cv-0620-DLB, ECF No. 6 at 2 (D. Md. February 19, 2026).

2

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law.  28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

In denying petitioner's motion for temporary restraining order, the court found that petitioner must exhaust his administrative remedies.  ECF No. 5.  "The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).  To decide whether exhaustion is required, courts consider the *Puga* factors to determine if:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Id*. (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

Where a court finds that the petitioner fails to exhaust prudentially required administrative remedies, it "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Id*. (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)).  However, even if a consideration of the *Puga* factors favors prudential exhaustion, a court may nonetheless waive exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture,

3

irreparable injury will result, or the administrative proceedings would be void." *Id*. (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).  I begin by considering the *Puga* factors in turn.

First, I do not find that "agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision." *See Hernandez*, 872 F.3d at 988.  The immigration judge ("IJ") provided a written decision, there presumably is a transcript and/or audio recording of the hearing, and respondent does not argue that consideration by the Board of Immigration Appeals ("BIA") is necessary to generate a proper record.  *See* ECF No. 7-3 at 1. Where, as here, the petitioner is entitled to a bond hearing under section 1226, courts have found that the first *Puga* factor weighs against prudential exhaustion.  *See Okoth v. Kaiser*, No. 1:25-cv-1936-KES-SAB, 2026 WL 45199, at *3 (E.D. Cal. Jan. 7, 2026); *Hernandez Burruel v. Murray*, No. 1:25-cv-1569-DAD-AC, 2025 WL 3240356, at *3 (E.D. Cal. Nov. 20, 2025).

Second, I find that "relaxation of the [exhaustion] requirement would encourage the deliberate bypass of the administrative scheme." *See Hernandez*, 872 F.3d at 988.  Indeed, "[g]ranting petitioner's requested relief would 'bypass' the administrative scheme under § 1226(a) and its implementing regulations." *See Okoth*, 2026 WL 45199, at *3 (finding that the second *Puga* factor weighs in favor of prudential exhaustion).  Notably, the Court of Appeals has held that section 1226's procedures facially satisfy due process.  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022).  While the Court of Appeals did not foreclose as-applied challenges, petitioner does not argue that section 1226's procedures violate his due process rights. *See id.*  I find that "relaxing the exhaustion requirements in this case would encourage others to immediately seek habeas review if they deem the federal courts to be a more sympathetic forum." *See Martinez v. Scott*, No. 2:25-cv-1538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025).

Third, I find that "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *See Hernandez*, 872 F.3d at 988.  The BIA "has the authority to correct . . . erroneous factual determinations and evidentiary errors."

*See Martinez*, 2025 WL 2689844, at *5 (citing 8 C.F.R. § 1003.1(d)(3)(i)-(ii)).

Accordingly, while the first factor weighs against prudential exhaustion, the second and third factors support the finding that petitioner has failed to exhaust prudentially required administrative remedies.

As noted, a court may waive exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez*, 872 F.3d at 988. Petitioner argues that his administrative remedies are inadequate and that irreparable injury will result. I consider these arguments in turn.

First, petitioner contends that the court is "better suited" to resolve the issues presented in his petition. ECF No. 11 at 4. As the court in *Martinez* held when considering a similar argument:

> Even assuming *arguendo* Petitioner had shown that immediate federal judicial review of his claims would be *more efficient*, this is not the same as demonstrating that the available administrative processes are inadequate and inefficient. Indeed, a version of Petitioner's argument could be made by virtually every litigant attempting to bypass the administrative process by proceeding directly to the federal courts. Permitting Petitioner to avoid the administrative scheme based solely on the additional time required to pursue administrative remedies would create an exception to exhaustion that would swallow the rule.

*Martinez*, 2025 WL 2689844, at *6 (emphasis in original).

I agree with the analysis in *Martinez* and find that petitioner has not demonstrated that the exhaustion requirement should be excused on the basis of inadequate relief.

Second, petitioner argues that "requiring further delay would cause irreparable harm." ECF No. 11 at 4. This argument, however, "begs the constitutional questions presented in his petition by assuming that petitioner has suffered a constitutional injury." *See Francisco Cortez v. Nielsen*, No. 19-cv-0754-PJH, 2019 WL 1508458, at *3 (N.D. Cal. Apr. 5, 2019) (rejecting the petitioner's argument of irreparable harm); *see also Aden v. Nielsen*, No. 18-cv-1441-RSL, 2019 WL 5802013, at *3 (W.D. Wash. Nov. 7, 2019) (finding that the petitioner "has not demonstrated that his detention pending appeal would violate his constitutional rights"). Accordingly,

petitioner has not demonstrated that the exhaustion requirement should be excused on the basis of irreparable harm.

Lastly, although not explicitly stated, it appears that petitioner argues that because he challenges the constitutionality of his detention and his bond hearing, he need not exhaust his administrative remedies.  *See* ECF No. 11 at 4; ECF No. 14 at 8.  "A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust."  *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013).  "[A]n exception to the exhaustion requirement has been carved for constitutional challenges to the Immigration and Naturalization Act and INS procedures because the BIA does not have jurisdiction to determine the constitutionality of the statutes it administers."  *Id*. (cleaned up).  However, "[n]ot all due process claims fall within this exhaustion exception.  The key is to distinguish the procedural errors, constitutional or otherwise, that are correctable by the administrative tribunal from those that lie outside the BIA's ken.  In other words, challenges to procedural errors correctable by the administrative tribunal, must be exhausted."  *Id*. (cleaned up).

In *Sun v. Ashcroft*, 370 F.3d 932, 935 (9th Cir. 2004), the petitioner filed a habeas petition under 8 U.S.C. § 1252, which the district court had denied for the petitioner's failure to exhaust his administrative remedies.  In affirming the district court's order, the Court of Appeals held:

> [The petitioner] also makes due process challenges to his potential removal.  We have made an exception to the exhaustion requirement for constitutional challenges to statutes and to the administrative rules of procedure.  However, there is an important qualification to this exception to the general rule requiring exhaustion: If an alleged procedural error could have been challenged before the BIA and was not, we lack jurisdiction to review it.  To the extent that [the petitioner's] procedural due process arguments are more than a repetition of his substantive constitutional claims, he did not present the arguments to the BIA, so we are without jurisdiction to review them.

*Id*. at 944 n.18 (cleaned up).

As an initial matter, petitioner argues that his bond hearing "did not comport with due process."[2]  ECF No. 14 at 8.  To the extent that petitioner seeks judicial review of the IJ's order,

---

[2] Petitioner asserts that, to satisfy due process, a bond hearing under section 1226(a) requires the government to bear the burden of clear and convincing evidence.  ECF No. 14 at 8.

he first must exhaust his administrative remedies. *See Sun*, 370 F.3d at 944 n.18; *Morgan v. Gonzales*, 495 F.3d 1084, 1090 (9th Cir. 2007) ("The exception to the rule that constitutional claims need not be exhausted before the agency are claims of denial of procedural due process by the IJ, which must be raised before the BIA because the agency does have the power to adjudicate procedural due process claims."); *Loba L.M. v. Andrews*, No. 1:25-cv-0611-JLT-SAB, 2026 WL 710307, at *8 (E.D. Cal. Mar. 13, 2026) ("Complaints about the conclusion the IJ reached must be presented through the normal immigration appeal process.").

Moreover, the Court of Appeals has held that section 1226(a) and its implementing regulations provide "extensive procedural protections," including "several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz*, 53 F.4th at 1202. While the BIA does not have jurisdiction to consider an as-applied constitutional challenge to section 1226(a), petitioner makes no such claim. *See Sola*, 720 F.3d at 1135. As such, petitioner's due process claim does not fall within the exhaustion exception, and his requirement to exhaust should not be excused on the basis that he brings a constitutional claim. *See Sun*, 370 F.3d at 944 n.18; *Okoth*, 2026 WL 45199, at *4 (requiring exhaustion where the petitioner brought a due process claim); *Ngugi v. Lyons*, No. 1:25-cv-1783-KES-EPG, 2026 WL 35610, at *4 (E.D. Cal. Jan. 6, 2026) (same); *Martinez*, 2025 WL 2689844, at *7 (same).

Accordingly, the petition for writ of habeas corpus should be dismissed without prejudice. *See Hernandez*, 872 F.3d at 988 (holding that a petition may be dismissed without prejudice where the petitioner has failed to exhaust administrative remedies); *Okoth*, 2026 WL 45199, at *4 (dismissing the petition because the petitioner failed to exhaust administrative remedies); *Martinez*, 2025 WL 2689844, at *7 (same). As such, respondent's motion to dismiss should be denied as moot.

---

Petitioner presents no authority for this assertion. The Court of Appeals has recognized that a petitioner bears the burden of proof at a section 1226(a) hearing, and the court rejected the argument that due process requires a second bond hearing at which the government bears the burden of proof by clear and convincing evidence. *Rodriguez Diaz*, 53 F.4th at 1197, 1203.

**Conclusion**

Based on the foregoing, it is hereby RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus, ECF No. 1, be dismissed without prejudice.

2. Respondent's motion to dismiss, ECF No. 7, be DENIED as moot.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 25, 2026                                                                                                    

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE